UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE: §
 § CASE NO. 19-10437-t7
KENNETH RAY BRUTON §
a/k/a KENNY BRUTON, § CHAPTER 7
 §
    *Debtor.* §

## DEFAULT ORDER GRANTING 21ST MORTGAGE CORPORATION RELIEF FROM STAY AND ABANDONMENT OF REAL PROPERTY AND 2007 MANUFACTURED HOME

This matter came before the Court on the Motion for Relief from Stay and to Abandon real property and 2007 Manufactured Home filed on May 21, 2019 ( Docket No. 20 ) (the "Motion") by 21st Mortgage Corporation ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    1.    On May 21, 2019, Movant served the Motion and a Notice of the Motion (the "Notice") on Debtor, by First Class mail as listed on creditor matrix and the Debtor's attorney and case trustee (the "Trustee") and by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed. R. Civ. P. 5(b)(3) and NM LBR 9036-1, and on all parties listed on the Debtor's creditor matrix by United States First Class mail, in accordance

with Bankruptcy Rules 7004 and 9014.

2. The Motion relates to the following property ("Property") real property and manufactured home located in Fence Lake, Cibola County, New Mexico, 87315, and described as follows:

> Parcel 3, as the same is shown on "Boundary Survey for Kenneth Bruton of the Resubdivision of the SW 1/4 of Section 8, T 5 N, R 17 W, NMPM, Fence Lake, Cibola County, New Mexico, March 06, 2007", as such Plat is filed in the Officle of the County Clerk of Cibola County, New Mexico on the 13th day of March, 2007 in Book 17, Page 385. (Cab. A/338)
>
> including the 2007 Palm Harbor Manufactured Home, Serial Number MP1513930AB attached thereto.

3. The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

4. The Notice was sufficient in form and content;

5. The objection deadline expired on June 14, 2019;

6. As of June 17, 2019, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

7. The Motion is well taken and should be granted as provided herein; and

8. By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on June 19, 2019, my assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any pre-petition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Movant may filed an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the

Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed. R. Bankr. P. 4001(a)(3) is waived.

*** END OF ORDER ***

**Submitted by:**

By:     */s/ Susan P. Crawford*
       Susan P. Crawford
       State Bar No. 24695

CRADDOCK DAVIS & KRAUSE LLP
210 Montezuma, Suite 200
Santa Fe, NM 87501
Email: scrawford@cdklawfirm.com
505 820-3368
214 336 6430 (Direct)
214 750 3551 (Facsimile)
ATTORNEYS FOR
21ST MORTGAGE CORPORATION

**Copies to:**

**Debtor**
Kenneth Ray Bruton
1519 Montanus Dr. #308
Culpeper, VA 22701

Kenneth Ray Bruton
P. O. Box 62
Quemado, NM 87829

**Debtors Attorney:**
Arun A. Melwani
10749 Prospect Ave. NE Ste F
Albuquerque, NM 87112

**Trustee**
Clarke C. Coll
PO Box 2288
Roswell, NM 88202-2288

**US Trustee**:
United States Trustee
P. O. Box 608
Albuquerque, NM 87103-0608